AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
District of Colorado

UNITED STATES OF AMERICA
V.
Johnson Kenneth Taylor

Judgment in a Criminal Case

(For Offenses Committed On or After November 1, 1987)
Case Number: **2:05CR00103-JP-01 DISTRICT OF COLORADO**
USM Number: 32941-013
Defense Attorney: William L. Herringer and David Greenberg

UNITED STATES
FILED
DENVER DISTRICT COURT
DENVER, COLORADO
OCT - 3 2006
GREGORY C. LANGHAM
CLERK

THE DEFENDANT:

☐ pleaded guilty to count(s)
☐ pleaded nolo contendere to count(s)
☒ after a plea of not guilty was found guilty on count(s) **I of Indictment**

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 113(a)(6)/(b) | Assault Resulting in Serious Bodily Harm, CIR 18 U.S.C. Sec. 1153 | 06-20-2004 | |

The defendant is sentenced as specified in pages 2 through 9 of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984. The Court has considered the United States Sentencing Guidelines and, in arriving at the sentence for this Defendant, has taken account of the Guidelines and their sentencing goals. Specifically, the Court has considered the sentencing range determined by application of the Guidelines and believes that the sentence imposed fully reflects both the Guidelines and each of the factors embodied in 18 U.S.C. § 3553(a). The Court also believes the sentence is reasonable and provides just punishment for the offense.

☐ The defendant has been found not guilty on count.
☐ Count dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

_____
County of Residence

9-28-06
Date of Imposition of Judgment

*/s/ James A. Parker*
Signature of Judge

Honorable James A. Parker
Senior United States District Judge
Name and Title of Judge

10-3-06
Date Signed

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment                                   Judgment - Page 2 of 8

Defendant: Johnson Kenneth Taylor
Case Number: 2:05CR00103-JP-01 DISTRICT OF COLORADO

## IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **37 months**.

☒ The court makes these recommendations to the Bureau of Prisons:

**A Federal Correctional Institution in Colorado or Oklahoma, if eligible.**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant must surrender to the United States Marshal for this district:
  ☐ at    on
  ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Service Office.

## RETURN

I have executed this judgment by:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
Deputy United States Marshal

AO 245B (Rev. 12/03) - Sheet 3 - Supervised Release

Judgment - Page 3 of 8

Defendant: Johnson Kenneth Taylor
Case Number: 2:05CR00103-JP-01 DISTRICT OF COLORADO

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- ☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

AO 245B (Rev. 12/03) Sheet 3            Judgment - Page 4 of 8

Defendant: Johnson Kenneth Taylor
Case Number: 2:05CR00103-JP-01 DISTRICT OF COLORADO

## SPECIAL CONDITIONS OF SUPERVISION

The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.

The defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.

The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.

AO 245B (Rev.12/03) Sheet 5, Part A - Criminal Monetary Penalties                                                                 Judgment - Page 5 of 8

Defendant: Johnson Kenneth Taylor
Case Number: 2:05CR00103-JP-01 DISTRICT OF COLORADO

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100 | $-0- | $15,980.76 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒ In full immediately; or
B   ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.

The Mandatory Victim Restitution Act of 1996 applies and the Court must order full restitution pursuant to 18 U.S.C. Section 3663A. Payments are to be made to Victim Compensation Board, 6th Judicial District, P.O. Box 3455, Durango, Colorado 81301 in the amount of $9,348.61; Mercy Medical Center, 375 E. Park Avenue, Durango, Colorado 81301, in the amount of $2,337.15, and the Confederated Tribes of Colville Reservation, P.O. Box 71, Nesplem, Washington, in the amount of $3,695.00, and to the Victim Justin Boyd, in the amount of $600.00.

The Court waives Interest on the restitution amount.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245B (Rev. 06/05) Criminal Judgment
Attachment Statement of Reasons

Defendant: Johnson Kenneth Taylor
Case Number: 2:05CR00103-JP-01 DISTRICT OF COLORADO
District: District of New Mexico

# STATEMENT OF REASONS
(Not for Public Disclosure)

## I   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A  [ ]  The court adopts the presentence investigation report without change.

B  [X]  The court adopts the presentence investigation report with the following changes.
(Check all that apply and specify court determinations, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.) (Use page 4 if necessary.)

   1 [X]  Chapter Two of the U.S.S.G. Manual determinations by court (including changes to base offense level, or specific offense characteristics):
   The Court determined that the evidence did not support a finding that a dangerous weapon was used and therefore declined to adopt the four-level increase suggested in paragraph 23 of the Presentence Investigation Report.

   2 [ ]  Chapter Three of the U.S.S.G. Manual determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

   3 [X]  Chapter Four of the U.S.S.G. Manual determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):
   The Court determined under USSG Sec. 4A1.3 that the criminal history category of II substantially underrepresents the seriousness of Defendant's criminal history or the likelihood that Defendant will commit additional crimes and that the more appropriate criminal history category is III (see paragraphs 47, 87 and 88 of the Presentence Investigation Report).

   4 [ ]  Additional Comments or Findings (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions).

C  [ ]  The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P.32.

## II  COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)

A  [X]  No count of conviction carries a mandatory minimum sentence.

B  [ ]  Mandatory minimum sentence imposed.

C  [ ]  One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on
   [ ]  Findings of fact in this case
   [ ]  Substantial assistance (18 U.S.C. 3553(e))
   [ ]  The statutory safety valve (18 U.S.C. 3553(f))

## III COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES)

Total Offense Level: **19**
Criminal History Category: **III**
Imprisonment Range: **37 to 46 months**
Supervised Release Range: **2 to 3 years**
Fine Range: **$5,000 to $50,000**
[X]  Fine waived or below the guideline range because of inability to pay.

AO 245B (Rev. 06/05) Criminal Judgment
Attachment (Page 2) - Statement of Reasons

Defendant: Johnson Kenneth Taylor
Case Number: 2:05CR00103-JP-01 DISTRICT OF COLORADO
District: District of New Mexico

## STATEMENT OF REASONS
(Not for Public Disclosure)

**IV  ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☒ **The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.**

B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. (Use page 4, if necessary.)

C ☐ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)

D ☐ The court imposes a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V  DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (if applicable)

A   The sentence imposed departs (Check only one.):
   ☐  Below the advisory guideline range; or
   ☐  Above the advisory guideline range.

B   Departure based on (Check all that apply.):
   1   Plea Agreement (Check all that apply and check reason(s) below.):
      ☐ 5K1.1 plea agreement based on the defendant's substantial assistance;
      ☐ 5K3.1 plea agreement based on Early Disposition or 'Fast-track' program;
      ☐ binding plea agreement for departure accepted by the court;
      ☐ plea agreement for departure, which the court finds to be reasonable;
      ☐ plea agreement that states that the government will not oppose a defense departure motion.

   2   Motion Not Addressed in a Plea Agreement (Check all that apply and check reason(s) below.):
      ☐ 5K1.1 government motion based on the defendant's substantial assistance;
      ☐ 5K3.1 government motion based on Early Disposition or 'fast-track' program;
      ☐ government motion for departure;
      ☐ defense motion for departure to which the government did not object;
      ☐ defense motion for departure to which the government objected.

   3   Other
      ☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

Reason(s) for Departure (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ | 4A1.3 Criminal History Inadequacy | ☐ | 5K2.1 Death | ☐ | 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 Age | ☐ | 5K2.2 Physical Injury | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 Education and Vocational Skills | ☐ | 5K2.3 Extreme Psychological Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 Mental and Emotional Condition | ☐ | 5K2.4 Abduction or Unlawful Restraint | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.4 Physical Condition | ☐ | 5K2.5 Property Damage or Loss | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 Employment Record | ☐ | 5K2.6 Weapon or Dangerous Weapon | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 Family Ties and Responsibilities | ☐ | 5K2.7 Disruption of Government Function | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 Military Record, Charitable Service, Good Works | ☐ | 5K2.8 Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| ☐ | 5K2.0 Aggravating or Mitigating Circumstances | ☐ | 5K2.9 Criminal Purpose | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| | | ☐ | 5K2.10 Victim's Conduct | ☐ | 5K2.22 | Age or Health of Sex Offenders |
| | | | | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) | |

Explain the facts justifying the departure. (Use page 4, if necessary.)

AO 245B (Rev. 06/05) Criminal Judgment
Attachment (Page 3) - Statement of Reasons

Defendant: Johnson Kenneth Taylor
Case Number: 2:05CR00103-JP-01 DISTRICT OF COLORADO
District: District of New Mexico

## STATEMENT OF REASONS
(Not for Public Disclosure)

**VI  COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM** (Check all that apply.)

A  The sentence imposed is (Check only one.):
☐ below the advisory guideline range; or
☐ above the advisory guideline range.

B  Sentence imposed pursuant to (Check all that apply.):

1 **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court;
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable;
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the guideline system.

2 **Motion Not addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ government motion for a sentence outside of the advisory guideline system,
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object;
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected.

3 **Other**
☐ other than a plea agreement or motion by the parties for a sentence outside of the guideline system( check reason(s) below.):

**Reason(s) for Sentence Outside the Advisory Guideline System** (check all that apply.)

☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. 3553(a)(1);
☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. 3553(a)(2)(A));
☐ to afford adequate deterrence to criminal conduct (18 U.S.C. 3553(a)(2)(B));
☐ to protect the public from further crimes of the defendant (18 U.S.C. 3553(a)(2)(C));
☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C 3553(a)(2)(D));
☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. 3553 (a)(6));
☐ to provide restitution to any victims of the offense (18 U.S.C. 3553(a)(7)).

Explain the facts justifying a sentence outside the advisory guideline system. (Use page 4, if necessary.)